UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20087-CR-SINGHAL

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EDWARD WALKER,

    Defendant.
_____/

**DEFENDANT'S MOTION TO SEVER COUNTS**

The Defendant, Edward Walker, through counsel, files this Motion to sever count two from the trial of counts one and three of the superseding indictment. [DE:46]. In support thereof, the Defendant states the following:

**A. The Superseding indictment:**

The superseding indictment includes three counts. In counts one and two, the Defendant is charged with violating 18 U.S.C. § 1591 (sex trafficking by force or coercion). Critically, in count one, the alleged victim is an adult, while count two charges (in part) that the Defendant violated § 1591 with respect to a minor victim. Count three charges the Defendant with violating 18 U.S.C. § 2421(a), for allegedly transporting a person to engage in illegal sexual activity. Count three alleges that the person transported was also an adult. [DE:46].

1

While the offense charged in counts one and two is seemingly the same, they are different in critical ways. The conduct charged in Count two has two subsections of the statute the Defendant is alleged to have violated, only one of which is the same as in Count one. Count two adds an additional means of possible conviction, with a second set of elements that replaces some of the initial elements charged in that Count and in Count one. The additional alleged elements in count two, are that the alleged victim is a minor.

1) *Offense charged in Count one:*

Count one of the indictment charges the Defendant with violating 18 U.S.C. §1591(a)(1) and (b)(1) and 2. [DE:46]. The alleged victim is "adult victim." [DE:46].[1] The superseding indictment lists seven ways a person can commit a violation of subsection (a)(1) from the statute, to wit: that the Defendant recruited, enticed, harbored, transported, provided, obtained, and maintained the adult victim. It is further alleged in count one, by reference to subsection (b)(1) of the statute, that the Defendant did these seven acts both knowingly, and in reckless disregard of that fact that a means of force, threat of force, and coercion, and any combination of those three, would be used to cause the adult victim to engage in a commercial sex act.

The pattern jury instruction for this offense breaks this statute into three elements, as relevant to this indictment. Those elements are: (1) that the Defendant

---

1 Undersigned counsel believes that this is in reference to alleged victim, "J.B."

knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means, adult victim one; (2) that the Defendant did so knowing, or in reckless disregard of the fact that a means of force, threats of force, coercion, or any combination of the three would be used to cause another person to engage in a commercial sex act; and (3) that the Defendant's acts were in or affected interstate or foreign commerce. 11TH CIRCUIT PATTERN JURY INSTRUCTIONS, OFFENSE INSTRUCTION O63 (2016).

*2) Offense charged in Count two:*

Count two of the indictment charges conduct under the same statute as Count one, however, this Count offers the jury two different choices of elements to support a finding of guilt. The jury may choose to find the same elements as Count one to convict the Defendant. In the alternative, the jury could choose to replace the second element with a strict liability *mens rea* related to the age of the victim. If the jury decides that the victim was under 18 and the Defendant had an opportunity to observe her, the government no longer must prove the elements of knowledge or coercion, threats or force or means of force. [DE:46].

As in Count one of the superseding indictment, Count two charges that the Defendant violated 18 U.S.C. § 1591(a)(1) and (b)(1) (just as in Count one), by means of any one of seven methods, in this instance against "minor victim."[2] As in Count

---

[2] Undersigned counsel understands this to be alleged victim "A.H."

3

one, this Count also alleges that the Defendant did so with the *mens rea* that he acted knowingly or in reckless disregard of the fact that means of force, threats of force, and coercion, or any combination of the three would be used to cause the minor victim to engage in a commercial sex act.

Count two also charges, in the alternative, a different set of alternative elements, to include the *mens rea* element, to wit: that the Defendant committed the act with a minor victim that was under the age of 18. As such, Count two charges *either* that the Defendant committed the same offense as found in Count one, in this instance against the minor victim (with the same elements), *or*, that he violated subsection (b)(2) of the statute. That subsection, also charged in Count two, provides that instead of proving that the Defendant used a means of force, threats of force, and coercion, or a combination of those elements, he violated the statute if the government proves one of the initial seven elements (recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining), and that the victim was under the age of 18, but older than 14.

The pattern jury instruction makes it clear that this age element replaces the element of use of force, threats of force, and coercion, and the *mens rea* element. Instead of proving force, threats, or coercion, as required in subsection (b)(1), the government need only prove that the minor victim was under 18 years of age to find him guilty. 11TH CIRCUIT PATTERN JURY INSTRUCTIONS, OFFENSE INSTRUCTION O63 (2016).

Further, the government does not need to prove that the Defendant knew the minor victim's age. Rather, the government need only prove that the Defendant had the reasonable opportunity to observe the minor victim to prove that element of the offense. Thus, if the government proves that the minor victim was under the age of 18, and the Defendant had a reasonable opportunity to observe her, the government is no longer required to prove that the Defendant acted knowingly or in reckless disregard. 18 U.S.C. § 1591(c).

*3) Offense charged in Count three:*

Count three of the superseding indictment charges the Defendant with violating 18 U.S.C. § 2421(a). That Count alleges that the Defendant knowingly transported "Female one," in interstate or foreign commerce with the intent for her to engage in prostitution and in any sexual activity for which for which any person can be charged with a criminal offense.[3] There is no pattern jury instruction in this Circuit for this offense. Nonetheless, the elements appear to require that the government prove that the Defendant knowingly transported Female one in interstate commerce, with the specific intent for her to engage in prostitution (or criminal sexual activity). Thus, there is no element involving force, threats, coercion, or age, or recruitment, enticement, harboring, providing, obtaining, or maintaining.

---

3 Undersigned counsel believes that this count refers to alleged victim "S.K."

*4) The interaction of the offenses charged:*

The three offenses charged offer myriad means for a jury to convict the Defendant. With respect to count one, the government may prove any one of seven actions by the Defendant to satisfy the first element, and two different *mens rea* elements in the second element, along with nine different options for forceful or coercive conduct (since there can be any combination of the three to satisfy that element). With respect to Count three, there is, by comparison, merely one way to commit the offense: knowingly and intentionally transporting the alleged victim to engage in prostitution.

Count two is problematic, as it is in part, the same as count one with respect to what the government must, or may, prove, but also adds a set of replacement elements that alter and reduce what must be proven to sustain a conviction. The initial language in that Count provides that the Defendant must take one of the required seven actions, two *mens rea* elements, and nine coercive conduct options to sustain a conviction. However, it also offers the alternative that if the alleged victim is under 18 years of age, and the Defendant had a reasonable opportunity to observe her, the Defendant can be found guilty without the jury making a determination as to the *mens rea* or any proof as to the nine coercive conduct options. Thus, the jury will be provided the opportunity to engage in dual analysis in Count two, including the same analysis as in Count one, and/or (at the same time) a reduced analysis that

6

removes the *mens rea* element of knowledge or reckless disregard, and replaces those with the strict liability element.

This is especially problematic because there are substantial sentencing differences between subsection (b)(1) and (b)(2) of the statute in Counts one and two. If the jury finds a violation of subsection (b)(1), this Court is required to impose a 15-year minimum mandatory sentence, with a maximum possible penalty of life imprisonment. If the jury finds a violation of subsection (b)(2), this Court is required to impose a 10-year mandatory minimum, with a maximum possible penalty of life. As such, the danger of the jury conflating elements between the two counts, especially when faced with the eighteen different ways those counts could be proven by the government with respect to subsection (b)(1), is especially prejudicial to the Defendant.

### B. Memorandum of law:

Federal Rule of Criminal Procedure 14(a) provides that this Court may sever the trial of offenses charged if a consolidated trial of the counts would prejudice the Defendant. Fed.R.Crim.P. 14(a) (2019). The initial joinder of offenses is provided for in Federal Rule of Criminal Procedure 8(a), and establishes that if the offenses are of a similar character or based upon the same transaction, or are connected with or part of a common scheme, joinder is permitted. *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990). Yet, Rule 8(a) applies only to initial joinder of the offenses. *See United*

7

*States v. Dominguez,* 226 F.3d 1235 (11th Cir. 2000). Even where the initial joinder of offenses is permitted, the joinder may still create unfair prejudice to the Defendant during trial. *See United States v. Zitron,* 810 F.3d 1253 (11th Cir. 2016). The Defendant maintains that the joinder of the offenses charged in Count two, with those in Counts one and three creates compelling prejudice that cannot be cured through careful instruction of the jury.

In *United States v. Walser,* 3 F.3d 380 (11th Cir. 1993), this Circuit established the test for determining what constitutes compelling prejudice in the joinder of offenses. "The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own ... conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." *Walser,* 3 F.3d at 386–87. In *Zitron* the Court determined that any potential compelling prejudice to the Defendant was cured via careful instruction of the jury by the Court. *Zitron,* 810 F.3d at 1257-58. Yet, in this case, no such curative instruction is possible.

The jury instructions in this case for count two will likely read, from the pattern instructions and superseding indictment:

> It's a Federal crime for anyone, in or affecting commerce to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that means of force, threats of force, or coercion will be used to cause the person to engage in a commercial sex act, or, in the alternative, the person has

8

> not attained the age of 18-years and will be caused to engage in a commercial sex act.
>
> The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:
>
> (1) The Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means minor victim;
> (2) That the Defendant did so knowing or in reckless disregard of the fact that means or force, threats of force, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act, or that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and
> (3) That the Defendant's acts were in or affected interstate or foreign commerce.
>
> ….

If the jury finds the Defendant guilty in Count two of a violation of subsection (b)(1), as referenced in the first part of paragraph one, the Defendant faces a 15-year mandatory sentence. If the jury finds the Defendant guilty in the same count, of the conduct in the latter half of paragraph one, the Defendant faces a 10-year mandatory sentence. While the superseding indictment and jury instructions are confusing and complicated on their own, the evidence the government will seek to introduce in this trial will exacerbate this problem.

There is a multitude of prejudicial and confusing evidence in this case that can only be used for certain purposes and not others, that will work with the confusing interaction of the jury instructions to offer the jury a number of impermissible means

9

to convict the Defendant. Without severance of Count two, it will be impossible to ascertain whether the jury's verdict is based on a legally permissible basis.

The discovery in this case is voluminous. Yet, the materials from the time period charged in the superseding indictment, January 24-28, 2020, and immediately leading up to that time period, are a miniscule portion of those materials. The majority of the discovery materials in this case pertain to alleged similar act evidence, as that is defined by Federal Rule of Evidence 404(b). Thus, prior purported internet advertisements from 2019, phone activity from 2019, prior travel by the Defendant and the minor victim, photographs and social media posts from 2019, and messages from that time frame all constitute activity well prior to the events charged in the superseding indictment. The vast majority of that evidence relates only to the minor victim. Virtually none of that evidence relates to adult victim one, and very little of it (by comparison) relates to female victim one. By contrast, adult victim one only became involved in the events charged in the superseding indictment approximately two-weeks prior to the trip to Miami. It will be impossible to keep this evidence independent to only the Count of the superseding indictment it relates to.

The case with respect to Count two is quite different from that charged in Counts one and three. This is especially true because the minor victim is likely an un-indictable (as a minor in federal court) co-actor in the scheme alleged by the adult victim and the government against the Defendant. For instance, it is apparent from the discovery materials that it was actually the minor victim who recruited and

10

enticed and obtained adult victim one for the trip to Miami, in January, 2020.[4] It is also alleged by adult victim one that the minor victim was the individual who was in conflict with, feuded with and controlled female victim one. Nonetheless, this volume of evidence offered solely with respect to the alleged victim in Count two will ultimately bleed confusingly into Counts one and three.

Each time any of the evidence from 2019 or earlier is offered by the government, the Court will need to read the jury Special Jury Instruction S4.1, related to "similar acts evidence." The instruction warns the jury that they cannot consider the prior evidence to make their determination of whether the Defendant committed the acts charged in the superseding indictment. That evidence is arguably only permitted for limited purposes as to Count two.

The risk of the jury conflating evidence between Counts is especially prejudicial because, as stated herein, there a multitude of ways the jury could decide to convict, and it will be impossible to determine if there were permissible findings in the verdict. As an example, the government is aware that neither adult victim one or the minor victim make any allegations that the Defendant ever used a means of force, or threat of force against them. It is readily apparent that the government will seek to convict the Defendant in Count one and two (on the (b)(1) grounds, not (b)(2)) by arguing that the Defendant engaged in some type of economic coercion (though minor

---

4 The Defendant and adult victim one never communicated prior to the trip to Miami.

victim does not allege that fact either).[5] Thus, the inclusion in the indictment of the additional, alternative means of possible conviction, and their inclusion in the jury instructions in this case, create the compelling prejudice of offering the jury a confusing multitude of possible means of conviction, in hopes that one method may ultimately be reached. This issue becomes even more confusing and prejudicial because the only witness making claims of coercion or that commercial sex acts transpired during the time period charged in the superseding indictment, is adult victim one, meaning the government will attempt to use her testimony to convict the Defendant in all three counts.[6]

The confusion in this matter is incurable. If the jury convicts the Defendant, it will be impossible to know which combination of chosen elements the jury chooses conviction from, and whether the particular combination is permissible. As an example, it is clear from the discovery that the Defendant did not recruit, maintain or obtain, or entice adult victim one. It is clear from the discovery that the Defendant did not use a means of force or threat of force against adult victim one or the minor victim. Yet, the jury is offered each of these options to convict the Defendant. The addition of the alternative means to convict the Defendant in Count two only further confuses this matter. The impermissible interweaving of a multitude of 404(b)

---

[5] In her custodial statement, minor victim denies any threats, or force, or coercion was used against her. She also denied that she engaged in any commercial sex acts, or that the Defendant caused her to engage in any commercial sex acts.
[6] No statements to the government or law enforcement by Female one, the alleged victim in Count three exist.

evidence that is (at most) only arguably admissible for limited purposes in Count two creates a prejudicial situation that is incurable. As such, the Defendant moves that Count two be severed and tried apart from Counts one and three.

WHEREFORE; the Defendant, moves this Court to sever Count two from the trial of Counts one and three.

                                    Respectfully submitted,

                                    MICHAEL CARUSO
                                    FEDERAL PUBLIC DEFENDER

By:   s/ *Jan Smith*
                                    Assistant Federal Public Defender
                                    Florida Bar No. 0117341
                                    One East Broward Boulevard, Suite 1100
                                    Fort Lauderdale, Florida 33301-1842
                                    Tel: 954-356-7436
                                    Fax: 954-356-7556
                                    E-Mail: Jan_Smith@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    By:   s/ *Jan Smith* AFPD