UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20087-CR-SINGHAL (COHN)

UNITED STATES OF AMERICA,

v.

EDWARD WALKER,

    Defendant.
_____/

## ORDER DENYING MOTION TO SEVER COUNTS

**THIS CAUSE** came before the Court on Defendant Edward Walker's Motion to Sever Counts ("Motion") [DE 49]. The Court has considered the Motion, the Government's Response [DE 57], and the record in this case, and is otherwise advised in the premises.

On June 1, 2021, a grand jury returned the Superseding Indictment charging Defendant with one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591 (Count 1); one count of sex trafficking of a minor by force or coercion, in violation of 18 U.S.C. § 1591 (Count 2); and one count of transporting a person for sexual activity, in violation of 18 U.S.C. § 2421(a) (Count 3). DE 46. Each count relates to a different alleged victim, and only count two relates to an alleged minor victim. Defendant moves to sever Count 2 from the trial of Counts 1 and 3 because he contends that he would suffer prejudice from having the charges tried together due to the similarities between Counts 1 and 2 and the existence of evidence that will only be admissible as to Count 2. The Government opposes the Motion and argues that any confusion or prejudice can be addressed by the Court through appropriate jury instructions and/or limiting instructions. The Court agrees.

The decision to grant or deny a motion to sever defendants or charges rests solely with the Court and will be overturned only for abuse of discretion. United States v. Diaz, 248 F.3d 1065, 1101 (11th Cir. 2001). To decide whether severance is necessary, the Court must first determine whether initial joinder of the offenses in the same indictment was appropriate under Federal Rule of Criminal Procedure 8. United States v. Bowers, 2013 WL 2708869, at *1 (M.D. Fl. 2013). Rule 8 provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Rule 8 is broadly construed in favor of the initial joinder." United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000).

Defendant does not challenge the initial joinder of the offenses and the Court finds that he would have no grounds to do so. The charges are clearly similar in nature, based on the same acts or transaction, and show a common plan for sex trafficking. Even where initial joinder is appropriate under Rule 8(a), however, the Court may order separate trials if it appears that there will be prejudice to a defendant. See Fed. R. Crim. Proc. 14(a).

In order to determine if severance of properly joined counts is appropriate, the court must "balance the prejudice to the defendant against the interests of judicial economy." United States v. Benz, 740 F.2d 903, 911 (11th Cir.1984). The Eleventh Circuit has held that "the burden of demonstrating prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed on review ." Id.

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to

> follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, 'though the task be difficult,' there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

United States v. Walser, 3 F.3d 380, 386–87 (11th Cir. 1993) (internal citations omitted).

The Court concludes that Defendant has failed to show that he would be prejudiced without severance of Count 2.  Any perceived prejudice can be addressed by the Court through appropriate jury instructions and/or limiting instructions.  See United States v. Philpot, No. 1:15-CR-00028-WSD, 2017 WL 510892, at *2 (N.D. Ga. Feb. 8, 2017) (citing United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987) ("Claimed prejudice can often be addressed by a court by appropriate limiting instructions to assure a jury will consider the charge sought to be severed separately and to not allow evidence or commission of the separate crime to be used in reaching a verdict on the other charge or charges for which the evidence is not relevant.")).  Ultimately, balancing the risk of unfair prejudice against the interests of judicial economy, the Court concludes that the Defendant's Motion to Sever Counts is due to be denied.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Edward Walker's Motion to Sever Counts [DE 49] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of September, 2021.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF