UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20087-CR-SINGHAL (COHN)

UNITED STATES OF AMERICA,

v.

EDWARD WALKER,

     Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove the Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

4

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Statement of Defendant

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether: (1) the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, (2) the Defendant had a motive or the opportunity to commit the acts charged in the indictment; (3) the Defendant acted according to a plan or in preparation to commit a crime; or (4) the Defendant committed the acts charged in the indictment by accident or mistake.

### Note-taking

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Introduction to Offense Instructions

The indictment charges three separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

Counts 1 through 3 charge that Defendant committed what are called "substantive offenses," specifically Sex Trafficking by Force or Coercion (Count 1); Sex Trafficking of a Minor or by Force or Coercion (Count 2); and Transporting a Person to Engage in Sexual Activity (Count 3). I will explain the law governing those substantive offenses now.

## Count 1: Sex Trafficking by Force or Coercion
## 18 U.S.C. § 1591(a)(1)

It is a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that means of force, threats of force, or coercion will be used to cause the person to engage in a commercial sex act.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means INDIVIDUAL-J.B.;

(2) the Defendant did so knowing or in reckless disregard of the fact that means of force, threats of force, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act; and

(3) the Defendant's acts were in or affected interstate commerce.

In considering whether a defendant recruited, enticed, harbored, transported, provided, obtained, advertised, or maintained a person, I instruct you to use the ordinary, everyday definitions of these terms.  "Recruit" means to seek to enroll. "Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give or afford shelter to, such as in a house or other place.  "Transport" means to take or convey from one place to another.  "Provide" means to furnish, supply, or make available.  "Obtain" means to gain possession of or acquire.  "Maintain" means to supply with means of support.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.  The Government is not required to prove that the

Defendant actually caused INDIVIDUAL-J.B. to engage in a commercial sex act or that a commercial sex act actually occurred.

In determining whether the Defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

"Coercion" means:

(a) threats of serious harm to or physical restraint against any person;

(b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(c) the abuse or threatened abuse of law or the legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

### Count 2: Sex Trafficking of a Minor or by Force or Coercion
### 18 U.S.C. § 1591(a)(1)

It is a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact, that (a) means of force, threats of force, or coercion will be used to cause the person to engage in a commercial sex act, or (b) that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1) the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means INDIVIDUAL-A.H.;

    (2) the Defendant did so knowing or in reckless disregard of the fact that (a) means of force, threats of force, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act, or (b) that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

    (3) that the Defendant's acts were in or affected interstate commerce.

You should use the same definitions of the terms recruit, entice, harbor, transport, provide, obtain, maintain, commercial sex act, coercion, and serious harm that I gave you in my previous instruction regarding Count 1. In determining whether the Defendant's conduct was "in or affected interstate or foreign commerce", you may consider the same inquiries that I listed in my previous instruction regarding Count 1. And, as with Count 1, the Government is not required to prove that the Defendant actually caused INDIVIDUAL-A.H. to engage in a commercial sex act or that a commercial sex act actually occurred.

14

With respect to Count 2 only, however, if the Government proves beyond a reasonable doubt that the Defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the Defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

As to Question 2(b) in the Verdict Form, I further instruct you as a matter of law that minors lack the capacity to consent to unlawful sexual conduct.  Therefore, whether INDIVIDUAL-A.H. voluntarily agreed to engage in commercial sex acts has no bearing on the issue of whether the Defendant is guilty of sex trafficking a minor.

**Aiding and Abetting; Agency**

As to Counts 1 and 2, it is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

16

## Count 3: Transporting a Person to Engage in Sexual Activity
## 18 U.S.C. § 2421(a)

It is a Federal crime to transport an individual in interstate or foreign commerce with the intent that the individual engage in prostitution or sexual activity for which a person can be charged with a criminal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant knowingly transported INDIVIDUAL-S.K. in interstate commerce; and

(2) At the time of transportation, the Defendant intended that INDIVIDUAL-S.K. would engage in prostitution or sexual activity for which a person could have been charged with a criminal offense.

"Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

To "transport in interstate commerce" means to move or carry someone, or cause someone to be moved or carried, from one state to another. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary to show that the Defendant knew that state lines were being crossed, but the Government must prove that state lines were crossed.

The Government is not required to prove that the Defendant actually caused INDIVIDUAL-S.K. to engage in a commercial sex act or that a commercial sex act actually occurred.

## Theory of Defense

**Count 1**

As to Count one of the indictment, it is Edward Walker's theory of defense that he did not knowingly effect the use of coercion to cause INDIVIDUAL-J.B. to engage in a commercial sex act. Mr. Walker contends that no coercion was ever used.

It is Mr. Walker's contention that, to find him guilty of count one of the indictment, you must find, with respect to the second element of the offense, that the Government has proven beyond a reasonable doubt that he knowingly or in reckless disregard of the fact, "coerced" INDIVIDUAL-J.B. into engaging in a commercial sex act. "Coercion" requires that Mr. Walker used "threats" of "serious harm" to INDIVIDUAL-J.B. The harm must be "sufficiently serious" under the circumstances of the offense to force a reasonable person of a similar background to INDIVIDUAL-J.B., under the same circumstances, to commit an act of commercial sexual activity to avoid incurring the harm noted earlier.

Mr. Walker contends that not providing money for INDIVIDUAL-J.B. to travel back to Connecticut does not constitute serious psychological or financial harm that compelled INDIVIDUAL-J.B. to attempt to commit a commercial sex act.

**Count 2**

As to what is listed on the Verdict Form as Question 2(a), it is Edward Walker's theory of defense that he did not knowingly effect the use of coercion to cause INDIVIDUAL-A.H. to engage in a commercial sex act. Mr. Walker contends that no coercion was ever used.

It is Mr. Walker's contention that, to find that he coerced INDIVIDUAL-A.H., you must find beyond a reasonable doubt that, with respect to second element of the offense, while in the Southern District of Florida between January 24-28, 2020, Mr. Walker threatened INDIVIDUAL-A.H. with "serious harm" or that Mr. Walker engaged in a scheme, plan, or pattern intended to cause INDIVIDUAL-A.H. to believe that failing to perform the commercial sex act would result in serious harm.

It is Mr. Walker's contention that, to find Mr. Walker guilty of Count two, in what is listed in the Verdict Form as Question 2(a) of the indictment by coercion, you must find that the Government has proven beyond a reasonable doubt that he knowingly or in reckless disregard of the fact "coerced" INDIVIDUAL-A.H. into engaging in a commercial sex act. "Coercion" requires that Mr. Walker used "threats" of "serious harm" to INDIVIDUAL-A.H. The harm must be "sufficiently serious" under the circumstances of the offense to force a reasonable person of a similar background to INDIVIDUAL-A.H., under the same circumstances, to commit an act of commercial sexual activity to avoid incurring the harm noted earlier.

However, the Government may also prove Count two, in what is listed in the Verdict Form as Question 2(b), by proving beyond a reasonable doubt that Mr. Walker had a reasonable opportunity to observe INDIVIDUAL-A.H. and that INDIVIDUAL-A.H. was a minor. Mr. Walker contends that, if you find that Mr. Walker had a reasonable opportunity to observe INDIVIDUAL-A.H., the Government is relieved of the burden of proving that Mr. Walker knew, or recklessly disregarded INDIVIDUAL-A.H.'S age. Mr. Walker contends that if the Government proves the reasonable opportunity to observe INDIVIDUAL-A.H., the Government need only also prove beyond a reasonable doubt

19

that Mr. Walker was knowingly involved with causing her to engage in a commercial sex act.

These methods of proving Count two, while charged in the same count (two), are separate and distinct, and must be considered by you separately and individually as each requires proof of entirely separate elements by the Government.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## On or About a Particular Date; Knowingly

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**Caution: Punishment (Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.